JS 44 (Rev. 10/20)

Case 2:24-cv-04669 Document 1 Filed 08/21/24 Page 1 of 41
Case 2:24-cv-04669 CIVIL COVER SHEET Filed 08/21/24 Page 1 of 41

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Dakota Wilson | AAA Hazelton, LLC |

| (b) County of Residence of First Listed Plaintiff **Luzerne County, PA** | County of Residence of First Listed Defendant **New York, New Jersey** |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Larry Bendesky, Esq., Robert Zimmerman, Esq., John Lang, Esq., Saltz Mongeluzzi Bendesky, 1650 Market St. 52nd Floor, Philadelphia, PA 19103 | Anne M. Manero, Esq., The Law Offices of W. Kelly McWilliams, 1515 Market St., Suite 1802, Philadelphia PA 19102. 215-446-7695 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1441, et seq.

Brief description of cause:
Personal injury- products liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ In excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*

JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 8/21/2024 | Anne M. Manero |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.

Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.

**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___2125 Church Road, Mountain Top, PA 18707___

Address of Defendant: ___100 Middlesex Ave, Carteret, NJ 07008___

Place of Accident, Incident or Transaction: ___150 Jaycee Drive, West Hazleton PA 18202___

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __08/21/2024__  Anne Manero  *Must sign here*  __57447__

*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
　　*(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☑ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
　　*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Anne M. Manero, Esq.___, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __08/21/2024__  Anne Manero  *Sign here if applicable*  __57447__

*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAKOTA WILSON, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. |
| | : | |
| vs. | : | |
| | : | |
| IMPACKT TEN, LLC, AAA HAZELTON, | : | |
| LLC, PLASTEC SYSTEMS, JOHN DOE | : | |
| CONVEYOR DESIGNER AND | : | |
| MANUFACTURER (1-2), JOHN DOE | : | |
| CONVEYOR DISTRIBUTOR OR | : | **JURY TRIAL DEMANDED** |
| SELLER (1-2) and JOHN DOE | : | |
| CONVEYOR SERVICE COMPANY, | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE**
**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA:**

Pursuant to 28 U.S.C. § 1441, Defendant AAA, Hazelton, LLC, by and through counsel,

The Law Offices of W. Kelly McWilliams, respectfully petitions for the removal of this action to

the United States District Court for the Eastern District of Pennsylvania. In support thereof,

defendant states the following:

1.      On August 1, 2024, Plaintiff instituted the above-captioned action by filing a Civil

Action Complaint in the Court of Common Pleas of Philadelphia County. *[See Complaint*

*attached hereto and marked as Exhibit "A"].*

2.      The Complaint was served on Defendant, AAA Hazelton, LLC on August 13,

2024.

3.      Plaintiff is a citizen of the Commonwealth of Pennsylvania. *[See Exhibit "A" at*

*¶2].*

4.      Plaintiff resides at 2125 Church Road, Mountain Top, PA 18707. *[See Exhibit "A" at ¶2]*.

5.      Plaintiff's Complaint erroneously states that Defendant AAA Hazleton, LLC has a principal place of business located at 150 Jaycee Drive, West Hazleton, PA 18202. *[See Exhibit "A" at ¶5]*.

6.      Defendant AAA Hazleton, LLC is a limited liability company existing under the laws of the State of New Jersey with a principal place of business and registered office at 100 Middlesex Ave, Carteret, NJ 07008. *[See NJ Certificate of Formation attached hereto, made part hereof and marked as Exhibit "B"]*.

7.      Defendant AAA Hazleton, LLC's sole member is Juda Schlesinger who is a New York resident. *[See Exhibit "B" and Affidavit attached hereto, made part hereof and marked as Exhibit "C"]*.

8.      Plaintiff's Complaint alleges that Defendant Impackt Ten, LLC is a limited liability company with a principal place of business located at 100 Middlesex Avenue, Carteret NJ 07008. *[See Exhibit "A" at ¶9]*.

9.      Defendant Impackt Ten, LLC is a limited liability company existing under the laws of the State of New Jersey with a principal place of business and registered office located at 100 Middlesex Ave, Carteret, NJ 07008. *[See NJ Certificate of Formation attached hereto, made part hereof and marked as Exhibit "D"]*.

10.     Defendant Impackt Ten, LLC's sole member is Juda Schlesinger who is a New York resident. *[See as Exhibits "C" and "D"]*.

11.     Plaintiff's Complaint alleges that Defendant Plastec Systems is a company with a principal place of business located at 21 Iceboat Terr #3607, Toronto M7V 4A9, Canada. *[See*

*Exhibit "A" at ¶12].*

12.     Upon information and belief, Defendants Impackt Ten, LLC and Plastec Systems have not yet been served.

13.     Under 28 U.S.C. § 1332(a) the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different States and citizens of a State and citizens or subjects of a foreign state. See 28 U.S.C. § 1332(a)(1) and (2).

14.     A corporation is a citizen of the state where it is incorporated and where it has its principal place of business. See 28 U.S.C. § 1332(c)(1).

15.     The citizenship of unincorporated entities, such as LLCs, is determined by their members' citizenship. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

16.     A case may be removed based upon diversity of citizenship where none of the parties that have been properly joined and served as defendants are citizens of the State in which the action is brought. See 28 U.S.C. § 1441.

17.     Plaintiff filed a Civil Action against AAA Hazleton, LLC who is a resident and citizen of New Jersey and New York.

18.     Accordingly, as to Plaintiff, who is a Pennsylvania resident, and Defendant, AAA Hazleton, LLC, who is a New Jersey and New York resident and citizen, diversity of citizenship exists.

19.     Plaintiff alleges traumatic and life-altering injuries due to Plaintiff's right hand being pulled into a conveyor and crushed. *[See Exhibit "A" at ¶ 1].*

20.     Plaintiff alleges that at the time of filing the complaint, over $625,260 has been paid to medical providers and the number continues to rise. *[See Exhibit "A" at ¶ 3].*

21.     Therefore, the Plaintiffs have alleged damages which exceed $75,000.

22.     As such, this Honorable Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 based upon the fact that there exists diversity of citizenship between the Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

23.     The present lawsuit is removable from the Philadelphia County Court of Common Pleas pursuant to 28 U.S.C. §§ 1441 and 1446.

24.     True and correct copies of this Notice of Removal, with accompanying exhibits and separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached as *Exhibit E*, will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d), and will be served upon counsel for the Plaintiff via the Philadelphia Court of Common Pleas e-filing system as noted in the attached certificate of service.

WHEREFORE, Defendant, AAA Hazelton, LLC respectfully requests that the above captioned action be removed to the United States District Court for the Eastern District of Pennsylvania.

**LAW OFFICES OF W. KELLY McWILLIAMS**

BY: _____

Anne M. Manero, Esquire
PA Bar Id: 50286
*Attorney for Defendant, AAA Hazelton LLC*
1515 Market Street, Suite 1802
Philadelphia, PA 19103
215-446-7695
anne.manero@thehartford.com

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | CVIIL ACTION |
| DAKOTA WILSON, | : | |
| Plaintiff, | : | NO. |
| | : | |
| vs. | : | |
| | : | |
| IMPACKT TEN, LLC, AAA HAZELTON, | : | |
| LLC, PLASTEC SYSTEMS, JOHN DOE | : | |
| CONVEYOR  DESIGNER AND | : | |
| MANUFACTURER (1-2), JOHN DOE | : | **JURY TRIAL DEMANDED** |
| CONVEYOR DISTRIBUTOR OR | : | |
| SELLER (1-2) and JOHN DOE | : | |
| CONVEYOR SERVICE COMPANY, | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Anne M. Manero, Esquire, hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the below counsel by e-filing system and/or electronic mail on August 21, 2024:

Larry Bendsky, Esq.
Robert Zimmerman, Esq.
John Lang, Esq.
**Saltz Mongeluzzi Bendesky**
1650 Market St., 52nd Floor
Philadelphia, PA 19103
Attorneys for Plaintiff

LAW OFFICES OF W. KELLY McWILLIAMS

BY: _____

Anne M. Manero, Esquire
PA Bar Id: 50286
*Attorney for Defendant, AAA Hazelton LLC*
1515 Market Street, Suite 1802
Philadelphia, PA 19103
215-446-7695
anne.manero@thehartford.com

Case 2:24-cv-04860 Document 1 Filed 08/21/24 Page 9 of 41

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **AUGUST 2024**     **00271** |
| E-Filing Number: 2408002759 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DAKOTA WILSON | IMPACKT TEN LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2125 CHURCH ROAD<br>MOUNTAIN TOP PA 18707 | 100 MIDDLESEX AVENUE<br>CARTERET NJ 07008 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | AAA HAZELTON, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 150 JAYCEE DRIVE<br>WEST HAZELTON PA 18202 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | PLASTEC SYSTEMS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 21 ICEBOAT TERR #3607<br>TORONTO ON M5V 4A9 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 6 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions | | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce    ☐ Settlement<br>☐ Minor Court Appeal    ☐ Minors<br>☐ Statutory Appeals    ☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2P - PRODUCT LIABILITY |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO<br>COORDINATION ORDER? |
|---|---|---|
| | **FILED<br>PRO PROTHY**<br><br>AUG **01** 2024 | YES      NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>DAKOTA WILSON</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| LARRY E. BENDESKY | SALTZ MONGELUZZI & BENDESKY P.<br>1650 MARKET STREET |
| **PHONE NUMBER**    (215)575-2952    **FAX NUMBER**    (215)496-0999 | 52ND FLOOR<br>PHILADELPHIA PA 19103 |
| SUPREME COURT IDENTIFICATION NO.<br>51026 | E-MAIL ADDRESS<br>lbendesky@smbb.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*LARRY BENDESKY* | DATE SUBMITTED<br>Thursday, August 01, 2024, 04:15 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

```
    1. IMPACKT TEN LLC
        100 MIDDLESEX AVENUE
        CARTERET NJ 07008
    2. AAA HAZELTON, LLC
        150 JAYCEE DRIVE
        WEST HAZELTON PA 18202
    3. PLASTEC SYSTEMS
        21 ICEBOAT TERR #3607
        TORONTO ON M5V 4A9
    4. JOHN DOE CONVEYOR DESIGNER AND MANUFACTURER (1-2)
        1650 MARKET STREET, 52ND FLOOR
        PHILADELPHIA PA 19103
    5. JOHN DOE CONVEYOR DISTRIBUTOR OR SELLER (1-2)
        1650 MARKET STREET, 52ND FLOOR
        PHILADELPHIA PA 19103
    6. JOHN DOE CONVEYOR SERVICE COMPANY
        1650 MARKET STREET, 52ND FLOOR
        PHILADELPHIA PA 19103
```

**SALTZ MONGELUZZI BENDESKY**
BY: LARRY BENDESKY/ ROBERT W. ZIMMERMAN/
JOHN L. LANG
IDENTIFICATION NO: 51026/208410/327971
1650 MARKET STREET                          *ATTORNEYS FOR PLAINTIFF*
52ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 496-8282

*Filed and Attested by the*
*Office of Judicial Records*
*01 Aug 2024 04:15 pm*

| | |
|---|---|
| **DAKOTA WILSON**<br>2125 Church Road<br>Mountain Top, PA 18707<br><br>*Plaintiff,*<br><br>vs.<br><br>**IMPACKT TEN LLC**<br>100 Middlesex Avenue<br>Carteret, NJ 07008<br><br>And<br><br>**AAA HAZELTON, LLC**<br>150 Jaycee Drive<br>West Hazelton, Pennsylvania 18202<br><br>And<br><br>**PLASTEC SYSTEMS**<br>21 Iceboat Terr #3607, Toronto<br>M5V 4A9, Canada<br><br>And<br><br>**JOHN DOE CONVEYOR DESIGNER AND MANUFACTURER (1-2)**<br><br>And<br><br>**JOHN DOE CONVEYOR DISTRIBUTOR OR SELLER (1-2)**<br><br>And<br><br>**JOHN DOE CONVEYOR SERVICE COMPANY,** | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br>**LAW DIVISION**<br><br>**JULY TERM, 2024**<br><br>**No.:**<br><br>**JURY TRIAL DEMANDED** |

1

Case ID: 240800271

|  |  |
|---|---|
| *Defendants.* |  |

| "NOTICE | "AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | "Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta demanda y la notificación para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted. |
| "YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. |
| THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL and INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 (215) 238-1701" | ASSOCIACION DE LICENDIADOS DE FILADELFIA SERVICO DE REFERENCA E INFORMACION LEGAL One Reading Center Filadelfia, Pennsylvania 19107 Telefono: (215) 238-1701" |

## COMPLAINT – CIVIL ACTION

## INTRODUCTION

2

Case ID: 240800271

1.      This is an action for compensatory damages and punitive damages arising from an accident that occurred on September 20, 2023, where Plaintiff Dakota Wilson's right hand was



pulled into a conveyor and crushed, causing traumatic and life-altering injuries.

*Mr. Wilson's Hand on the Day of the Accident*

## PARTIES

2.      Plaintiff Dakota Wilson is an adult individual citizen, and resident of the Commonwealth of Pennsylvania, residing at the above-captioned address.

3.      At the time of the filing of this Complaint, there has been over $625,260 paid to medical providers for the reasonable and necessary care that Mr. Wilson has required from this horrific incident. That number continues to rise.

4.      Upon information and belief, at the time of the incident Mr. Wilson's employer was NPC Global Corp.

5.      Defendant, AAA Hazelton, LLC ("AAA Hazelton") is a limited liability company with a principal place of business located at 150 Jaycee Drive West Hazelton, PA 18202.

Case ID: 240800271

6.      At all relevant times, AAA Hazelton purposefully established significant contacts in Pennsylvania, and has carried out and continues to carry out substantial, continuous, and systematic contacts in Pennsylvania.

7.      At all relevant times, AAA Hazelton was the owner, lessor, and/or otherwise legally responsible for the care and control of the property located at 150 Jaycee Drive, West Hazelton, PA 18202.

8.      At all relevant times, AAA Hazelton owned the facility where the machine is located and where the accident occurred.

9.      Defendant, Impackt Ten LLC ("Impackt Ten") is a limited liability company with a principal place of business located at 100 Middlesex Avenue Carteret NJ, 07008.

10.     At all relevant times, Impackt Ten purposefully established significant contacts in Pennsylvania, and has carried out and continues to carry out substantial, continuous, and systematic contacts in Pennsylvania.

11.     At all relevant times, Impackt Ten had and/or undertook operational and/or safety responsibilities and duties at the facility where Plaintiff sustained injuries.

12.     Defendant Plastec Systems is a company with a principal place of business located at 21 Iceboat Terr #3607, Toronto, M5V 4A9, Canada.

13.     At all relevant times, Plastec Systems purposefully established significant contacts in Pennsylvania, and has carried out and continues to carry out substantial, continuous, and systematic contacts in Pennsylvania.

14.     At all relevant times, Plastec Systems was the distributor and/or seller of the machine that caused the accident and Plaintiff's resulting injuries.

4

Case ID: 240800271

15.     Defendant, John Doe Conveyor Designer and Manufacturer (1-2) is an unknown fictitious entity who was responsible for the design and manufacture of the machine and/or machine components that caused the accident and Plaintiff's resulting injuries.

16.     Defendant, John Doe Conveyor Distributor or Seller (1-2) is an unknown fictitious entity who was responsible for the distribution, sale, service and/or maintenance of the machine that caused the accident and subsequent injuries to Plaintiff.

17.     Defendant John Doe Service Company is an unknown fictitious entity who was responsible for the service of the machine that caused Plaintiff's accident.

18.     Pursuant to Pennsylvania Rule of Civil Procedure 2005, Defendants John Doe Conveyor Designer and Manufacturer (1-2), John Doe Conveyor Distributor or Seller (1-2), John Doe Service Company are currently unidentified, fictitious defendants where their actual name/identity is unknown despite a reasonable and diligent search.

19.      Plaintiff reserves the right to amend this Complaint and name John Doe unknown individuals and/or entities as defendants pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

## **VENUE**

20.     Venue is proper in Philadelphia County pursuant to Pennsylvania Rule of Civil Procedure 2179(a) because some or all of the Defendants regularly conduct business there.

21.     Upon information and belief, some or all Defendants derive revenue from customers in Philadelphia County.

## **FACTS**

22.     Impackt Ten is a large manufacturer and distributor of packaging products and packaging machinery.

5

Case ID: 240800271

23.     Upon information and belief, Impackt Ten, at the time of the accident, owned a Ztech Air Bubble Bag Making Machine (Model ZT 750-PB) ("Ztech Machine"), an automated machine that produces bubble mailers for shipping.

24.     Plastec Systems is a large manufacturer and distributor of a variety of large machinery, including the Ztech Machine that crushed Plaintiff's right hand.

25.     Upon information and belief, the Ztech Machine feeds bubble wrap through a series of rollers, which ultimately adhere the bubble wrap together to create a finished bubble mailer.



26.

***Bubble Wrap Spools***

6

Case ID: 240800271

27.     During ordinary and anticipated use of the Ztech machine, the rolls of bubble

wrap on each spool run out and need to be replaced.

28.     When a spool runs out, a worker must manually place a new sheet of bubble wrap



Unguarded in-running nip point where workers must feed new sheets of bubble wrap.

on the Ztech Machine's rollers:

29.     Prior to September 20, 2023, Defendants were aware that sheets of bubble wrap

needed to be replaced manually.

7

Case ID: 240800271

30.     Prior to September 20, 2023, Defendants knew that workers needed to manually feed the new sheets of bubble wrap into the Ztech Machine's in-running nip point.

31.     Despite their awareness that workers had to manually feed new sheets of bubble wrap into the Ztech Machine, Defendants failed to guard or cover the in-running nip point where new sheets of bubble wrap needed to be placed.

32.     Despite their awareness that workers had to manually feed new sheets of bubble wrap into the Ztech Machine, Defendants failed to affix warnings to the Ztech Machine advising workers not to manually feed bubble wrap sheets into the in-running nip point.

33.     On September 20, 2023, Mr. Wilson reported to his place of work at 150 Jaycee Drive, West Hazleton, PA 18202 ("the Facility")

34.     Shortly after Mr. Wilson began work on September 20, 2023, the Ztech Machine ran out of bubble wrap.

35.     To run a new sheet of bubble wrap through the Ztech Machine, Mr. Wilson manually pulled the sheet through the silver rollers (circled in red below) and then attempted to manually feed the new sheet of bubble wrap in between the red and green rollers (circled in



Case ID: 240800271

orange below).

36.     When Mr. Wilson tried to feed the new sheet of bubble wrap between the red and green roller, the scalding hot glue on the rollers melted the bubble wrap to his hand and violently pulled it hand into the machine.

37.     Defendants failed to properly and adequately guard the Ztech Machine.

38.     Defendants failed to place proper and adequate guarding on or near the Ztech Machine to reduce or eliminate the type of injury Mr. Wilson suffered.

39.     Defendants failed to place sufficient warnings specific to this hazard on or near the Ztech Machine.

40.     Upon information and belief, Defendants were aware of other incidents involving unguarded nip points on the Ztech Machine and/or other similar machines.

41.     Prior to September 20, 2023, Defendants knew or should have known the Ztech Machine lacked sufficient guarding.

42.     Prior to September 20, 2023, Defendants knew or should have known the Ztech Machine lacked sufficient warnings.

43.     Prior to September 20, 2023, Defendants knew or should have known the Ztech Machine created an unreasonable risk of harm.

44.     Prior to September 20, 2023, Defendants knew or should have known of incidents where the Ztech machine and/or other similar machines injured workers because of insufficient guarding and/or lack of adequate warnings.

45.     Despite this knowledge, Defendants failed to install and or place guards in a manner in which the type of harm suffered by Mr. Wilson was minimized.

9

Case ID: 240800271

46.     Defendants breached their duties to Mr. Wilson by failing to install barriers for the Ztech Machine.

47.     Defendants breached their duties to Mr. Wilson by failing to install warnings for the Ztech Machine.

48.     Defendants breached their duties to Mr. Wilson by failing to implement safe work procedures for the Ztech Machine.

49.     Defendants breached their duties to Mr. Wilson by failing to enforce safe work procedures for the Ztech Machine.

50.     Defendant Impackt Ten failed to properly review and analyze the work performed on site and establish adequate plans, policies and procedures in order for the work to be able to be performed safely.

51.     As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness and other liability producing conduct of Defendants, Mr. Wilson was forced to suffer catastrophic, excruciating injuries.

52.     As a result of Defendants' carelessness, negligence, gross negligence, recklessness and other liability producing conduct, Mr. Wilson was caused to sustain serious and permanent injuries, including but not limited to a crushed right hand, with all five fingers crushed, requiring multiple (past and future) surgeries and physical therapy.

53.     The full extent of his injuries has yet to be determined. Mr. Wilson has in the past and may in the future require medicines, medical care and treatment; he has in the past and may in the future continue to be compelled to incur further obligations for such medical care and treatment; other psychological, psychiatric injuries, the full extent of which is yet to be determined and some or all of which may be permanent in nature.

Case ID: 240800271

54.    As a direct and proximate result of the conduct of Defendants, Mr. Wilson has in the past required, continues to require, and may in the future require, medical treatment and care, and has in the past, continues presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure his condition.

55.    As a direct and proximate result of the conduct of Defendants, Mr. Wilson has in the past and may in the future continue to suffer embarrassment, disfigurement, agonizing aches, physical pain and mental anguish

56.    As a direct and proximate result of the conduct of Defendants, Mr. Wilson has in the past and may in the future continue to be disabled from performing his usual duties, occupations and avocations, he has suffered and will continue to suffer loss of income, loss of earning capacity, and loss of life's pleasures, all to his great loss and detriment.

57.    By conducting themselves as further described herein, Defendants evidenced a reckless and/or conscious disregard for the rights and safety of others, including Plaintiff.

58.    Mr. Wilson's injuries and damages were caused solely by the acts of Defendants through their agents, servants, workmen and/or employees as set forth here.

59.    The accident that led to Mr. Wilson's injuries was due entirely to Defendants negligence, gross negligence, carelessness, recklessness, and/or other liability-producing conduct.

### COUNT I – NEGLIGENCE
**Dakota Wilson v. AAA Hazelton**

60.    Plaintiff incorporates the preceding paragraphs as if fully set forth at length here.

Case ID: 240800271

61.     At all relevant times, Defendant AAA Hazelton owed a duty to reasonable manage, maintain, inspect the facility it owned to ensure the safety of the premises and those who utilized it for work purposes.

62.     Defendant AAA Hazelton breached the above duties in various ways, including, but not limited to, one or more of the following negligent, grossly negligent, and reckless acts:

     a. failing to utilize proper policies and procedures for the safety, operation, inspection and/or management of the Facility;

     b. failing to utilize proper policies and procedures for the safety, operation, inspection and/or management of large machinery within the Facility;

     c. failing to properly inspect or test the Ztech Machine in order to identify and correct any defective or unreasonably dangerous conditions discovered;

     d. failing to provide proper guarding, fencing, and/or gating on the Ztech Machine's welding point of the bubble wrap and liner;

     e. failing to provide proper guarding, fencing, and/or gating around the Ztech Machine;

     f. allowing the Ztech machine to be installed, operated and maintained without providing adequate instructions, warnings, safeguards and/or protective devices;

     g. failing to hire safety consultants or competent safety personnel to assist in the installation, operation and maintenance of the Ztech Machine; and

     h. failing to include safety mechanisms which, if installed, would have prevented an incident as occurred in the present case.

63.     By reason of the carelessness, negligence, gross negligence, and recklessness of Defendant AAA Hazelton, Mr. Wilson suffered excruciating injuries including but not limited to the injuries set forth above.

Case ID: 240800271

WHEREFORE, Plaintiff demands judgment in excess of this court's jurisdictional requirements in his favor and against Defendant AAA Hazelton for compensatory and punitive damages together with lawful interest, attorneys' fees, costs of suit, and all other claims available by law.

## COUNT II – NEGLIGENCE
**Dakota Wilson v. Impackt Ten, LLC**

64.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length here.

65.     At all relevant times, Defendant Impackt Ten owed a duty to install, operate, maintain and/or inspect the Facility in such a manner and with the exercise of reasonable care, so as to prevent it from creating an unreasonable risk of harm.

66.     At all relevant times, Defendant Impackt Ten owed a duty to install, operate, maintain and/or inspect the Ztech Machine in such a manner and with the exercise of reasonable care, so as to prevent it from creating an unreasonable risk of harm.

67.     At all relevant times, Defendant Impackt Ten owed a duty to unambiguously warn users of the Ztech Machine of the risk of harm it presented

68.     Upon information and belief, Defendant Impackt Ten knew or had reason to know that the Facility it operated, managed, and maintained posed an unreasonable risk of harm because it lacked proper safety policies and procedures.

69.     Upon information and belief, Defendant Impackt Ten knew or had reason to know that the Ztech Machine it owned, installed, and operated and maintained posed an unreasonable risk of harm because it lacked proper guarding.

70.     Defendant Impackt Ten breached the above duties in various ways, including but not limited to, one or more of the following negligent, grossly negligent, and reckless acts;

13

Case ID: 240800271

a. installing, maintaining and/or operating a defective and unreasonably dangerous product;

b. distributing, supplying, installing and/or selling a defective and unreasonably dangerous product which lacked the necessary elements to make it safe for use and/or which contained elements that made it unsafe;

c. failing to utilize proper designs or procedures for the installation, assembly, and operation of the Ztech Machine;

a. failing to properly inspect or test the Ztech Machine in order to identify and correct any defective or unreasonably dangerous conditions discovered;

d. failing to provide proper fencing, guarding, and gating on the Ztech Machine's welding point of the bubble wrap and liner;

e. failing to provide proper fencing, guarding, and gating around the Ztech Machine;

f. failing to include safety mechanisms which, if installed, would have prevented an incident as occurred in the present case;

g. purchasing, installing, operating, and maintaining a product which was not suitable for use by the intended users;

h. failing to warn users, employers, and others about the defective product;

i. failing to incorporate an alternative and safer design and/or other guards or devices to minimize the risk of failure and/or injury during operation of the product;

j. installing, supplying, operating, and maintaining the product without adequate instructions, warnings, safeguards and/or protective devices;

k. failing to hire safety consultants or competent safety personnel to assist in the design and manufacture of the product;

l. operating and maintaining the product knowing it was unreasonably dangerous;

m. failing to remove the product from the Facility;

14

Case ID: 240800271

n.  operating and maintaining a product which failed during normal loading and use; and

o.  only implementing the abovementioned safety features after Plaintiff's accident.

71.     By reason of the carelessness, negligence, gross negligence, and recklessness of Defendant Impackt Ten, Mr. Wilson was caused to suffer excruciating injuries including but not limited to the injuries set forth above.

WHEREFORE, Plaintiff demands judgment in excess of this court's jurisdictional requirements in his favor and against Defendant Impackt Ten for compensatory and punitive damages together with lawful interest, attorneys' fees, costs of suit, and all other claims available by law.

### COUNT III – NEGLIGENCE
**Dakota Wilson v. Plastec Systems, John Doe Conveyor Designer and Manufacturer (1-2), John Doe Conveyor Distributor or Seller (1-2), and John Doe Conveyor Service Company**

72.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length here.

73.     At all relevant times, Defendants owed a duty to distribute and/or sell the Ztech Machine in such a manner and with the exercise of reasonable care, so as to prevent it from creating an unreasonable risk of harm.

74.     At all relevant times, Defendants owed a duty to unambiguously warn users of the Ztech Machine of the risk of harm it presented.

75.     Upon information and belief, Defendants knew of or had reason to know that the Ztech Machine posed an unreasonable risk of harm because it lacked sufficient fencing, guarding, and/or gating.

76.     Defendants breached the above duties in various ways, including, but not limited to, one or more of the following negligent, grossly negligent, and reckless acts:

15

Case ID: 240800271

a. distributing, supplying, installing and/or selling a defective and unreasonably dangerous product;

b. distributing, supplying, installing and/or selling a defective and unreasonably dangerous product which lacked the necessary elements to make it safe for use and/or which contained elements that made it unsafe;

c. failing to utilize proper designs or procedures for the manufacture, assembly, and sale of the Ztech Machine;

d. failing to properly inspect or test the Ztech Machine in order to identify and correct any defective or unreasonably dangerous conditions discovered;

e. failing to provide proper fencing, guarding, and/or gating around the Ztech Machine;

f. failing to provide proper fencing, guarding, and/or gating on the Ztech Machine's welding point of the bubble wrap and liner.;

g. failing to include safety mechanisms which, if installed, would have prevented an incident as occurred in the present case;

h. distributing and/or selling a product which was not suitable for use by the intended users;

i. failing to warn users, employers, and others about the defective product;

j. manufacturing, installing, selling, supplying, and/or otherwise placing into the stream of commerce an Ztech Machine which malfunctioned and/or otherwise failed during normal and foreseeable use;

k. manufacturing, distributing, installing, supplying and/or selling the product without adequate instructions, warnings, safeguards and/or protective devices;

l. placing a product into the stream of commerce, knowing that end users would be injured by the same;

m. failing to hire safety consultants or competent safety personnel to assist in the inspection of the product;

n. distributing and/or selling the product knowing it was unreasonably dangerous;

16

Case ID: 240800271

o.  failing to remove the product from the marketplace;

p.  failing to issue service bulletins to all dealers and/or purchasers identifying new safety features, and recommending retro-fits for new safety features; and

q.  supplying a product which failed during normal loading and use.

77.  By reason of the carelessness, negligence, gross negligence, and recklessness of Defendants, Mr. Wilson suffered excruciating injuries including but not limited to the injuries set forth above.

WHEREFORE, Plaintiff demands judgment in excess of this court's jurisdictional requirements in his favor and against Defendants for compensatory and punitive damages together with lawful interest, attorneys' fees, costs of suit, and all other claims available by law.

### COUNT IV – STRICT PRODUCT LIABILITY
**Dakota Wilson v. Plastec Systems, John Doe Conveyor Designer and Manufacturer (1-2), John Doe Conveyor Distributor or Seller (1-2)**

78.  Plaintiff incorporates the preceding paragraphs as if fully set forth at length here

79.  Defendants, by and through their agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers, and distributors are strictly liable under §402(A) of the Restatement (Second) of Torts because:

a.  Defendants are engaged in the regular business of designing, assembling, manufacturing, selling, supplying, distributing, and/or placing into the stream of commerce the subject Ztech Machine;

b.  the Ztech Machine involved in the accident was marketed and placed in the general stream of commerce by Defendant Plastec Systems;

c.  the Ztech Machine was expected to and did reach users without substantial change in the condition in which it was designed, assembled, manufactured, sold, supplied, distributed, and/or placed into the stream of commerce;

d.  the Ztech Machine was designed, assembled, manufactured, sold, supplied, distributed, and/or placed into the stream of commerce in a defective condition for

17

Case ID: 240800271

the reasons set forth within.

80. The Ztech Machine was in a defective condition as (1) the danger contained therein was unknowable and unacceptable to the average or ordinary consumer; and/or (2) a reasonable person would conclude that the probability and seriousness of the harm caused by the Ztech Machine outweighed the burden or costs of taking precautions.

81. The Ztech Machine, which was designed, manufactured, distributed, and/or sold by Defendant Plastec Systems was defective and unreasonably dangerous.

82. Defendants owed a duty of care to Mr. Wilson to manufacture, distribute, and sell a product that was free from defects and fit for its intended purposes.

83. Defendants breached their duties to Mr. Wilson by failing to sell the Ztech Machine at issue herein that was free from defects; but rather, was unfit for its intended purposes.

84. Mr. Wilson used the Ztech Machine in the manner it was intended and expected to be used by Defendants.

85. Defendants failed to warn users, like Mr. Wilson, of the defective and dangerous conditions of the Ztech Machine

86. The defects in the Ztech Machine were the direct and proximate cause of the injuries and damages Mr. Wilson suffered.

87. Defendants are therefore strictly liable.

88. As a direct and proximate result of Defendants' negligence, gross negligence, recklessness and other liability producing conduct, more specifically set forth herein, the Ztech Machine caused Mr. Wilson to suffer excruciating injuries including but not limited to the injuries set forth above.

18

Case ID: 240800271

WHEREFORE, Plaintiff demands judgment in excess of this court's jurisdictional requirements in his favor and against Defendants for compensatory and punitive damages together with lawful interest, attorneys' fees, costs of suit, and all other claims available by law.


Respectfully Submitted,

**SALTZ MONGELUZZI BENDESKY**


BY:___/s/ Robert W. Zimmerman_____

LARRY BENDESKY
ROBERT W. ZIMMERMAN
JOHN L. LANG
*Attorneys for Plaintiff*

19

Case ID: 240800271

## VERIFICATION

I, Dakota Wilson, hereby verify that I am the Plaintiff in the foregoing action and that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are those of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

_____          Dated: _____07/29/2024_____
DAKOTA WILSON

20

# EXHIBIT "B"

NEW JERSEY DEPARTMENT OF THE TREASURY
DIVISION OF REVENUE AND ENTERPRISE SERVICES

## CERTIFICATE OF FORMATION

### AAA HAZELTON LLC
### 0450918805

The above-named DOMESTIC LIMITED LIABILITY COMPANY was duly filed in accordance with New Jersey State Law on 01/30/2023 and was assigned identification number 0450918805. Following are the articles that constitute its original certificate.

**1. Name:**
AAA HAZELTON LLC

**2. Registered Agent:**
JUDA SCHLESINGER

**3. Registered Office:**
100 MIDDLESEX AVE
CARTERET, NEW JERSEY 07008

**4. Business Purpose:**
REAL ESTATE

**5. Effective Date of this Filing is:**
01/30/2023

**6. Members/Managers:**
JUDA SCHLESINGER
100 MIDDLESEX AVE
CARTERET, NEW JERSEY 07008

**7. Main Business Address:**
100 MIDDLESEX AVE.
CARTERET, NEW JERSEY 07008

**Signatures:**

JUDA SCHLESINGER
AUTHORIZED REPRESENTATIVE

*IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal 30th day of January, 2023*

*Elizabeth Maher Muoio*
*State Treasurer*

Certificate Number : 4196740269
Verify this certificate online at
https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.jsp

Page 1 of 1

*EXHIBIT "C"*

# IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAKOTA WILSON, | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| IMPACKT TEN, LLC, AAA HAZELTON, | : | NO. |
| LLC, PLASTEC SYSTEMS, JOHN DOE | : | |
| CONVEYOR DESIGNER AND | : | |
| MANUFACTURER (1-2), JOHN DOE | : | |
| CONVEYOR DISTRIBUTOR OR | : | |
| SELLER (1-2) and JOHN DOE | : | |
| CONVEYOR SERVICE COMPANY, | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

## AFFIDAVIT OF JUDA SCHLESINGER

I, Juda Schlesinger, ██████ affirm as follows:

1. I am an adult individual and otherwise competent to testify.

2. I am the sole member of AAA Hazelton, LLC and have personal knowledge of the facts recited below.

3. Defendant AAA Hazelton, LLC is a limited liability company existing under the laws of the State of New Jersey with a principal place of business and registered office at 100 Middlesex Ave, Carteret, NJ 07008.

4. I am the sole member of Defendant AAA Hazelton, LLC and I am a resident and citizen of the State of New York.

5. Defendant AAA Hazelton, LLC is not incorporated in Pennsylvania, nor does it have a principal place of business in Pennsylvania.

6. Defendant AAA Hazelton, LLC does not have a member that is a resident or citizen of Pennsylvania.

7. I am also the sole member of Defendant Impackt Ten, LLC and I am a resident and citizen of the State of New York.

8. Defendant Impackt Ten, LLC is a limited liability company existing under the laws of the State of New Jersey with a principal place of business and registered office at 100 Middlesex Ave, Carteret, NJ 07008.

9. Defendant Impackt Ten, LLC does not have a member that is a resident or a citizen of Pennsylvania.

(Notary)

_____
                Juda Schlesinger

State of New York

County of  Rockland

Subscribed to and ~~sworn~~ *affirmed* before me

this ___20___ day of ___August___ (month), ___2024___ (year),

by _Juda Schlesinger__ (name of signer)

_____(signature of notary)
This electronic notarial act involved a remote online appearance
involving the use of communication technology

Notarized online using audio-video communication

| |
|---|
| HIRSCH ROSENZWEIG |
| Online Notary Public |
| State of New York |
| Rockland County |
| Commission #: 01RO0002288 |
| Commission Expires: 03/06/2027 |



NEW JERSEY DEPARTMENT OF THE TREASURY
DIVISION OF REVENUE AND ENTERPRISE SERVICES

## CERTIFICATE OF FORMATION

### IMPACKT TEN LLC
### 0451010544

The above-named DOMESTIC LIMITED LIABILITY COMPANY was duly filed in accordance with New Jersey State Law on 08/16/2023 and was assigned identification number 0451010544. Following are the articles that constitute its original certificate.

1. **Name:**
   IMPACKT TEN LLC

2. **Registered Agent:**
   JUDA SCHLESINGER

3. **Registered Office:**
   100 MIDDLESEX AVENUE
   CARTERET,, NEW JERSEY 07008

4. **Business Purpose:**
   CORNER BOARD MANUFACTURING

5. **Effective Date of this Filing is:**
   08/16/2023

6. **Members/Managers:**
   JUDA SCHLESINGER
   100 MIDDLESEX AVENUE
   CARTERET,, NEW JERSEY 07008

7. **Main Business Address:**
   100 MIDDLESEX AVENUE
   CARTERET,, NEW JERSEY 07008-0700

   **Signatures:**

   JUDA SCHLESINGER
   AUTHORIZED REPRESENTATIVE

*IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal 16th day of August, 2023*

Elizabeth Maher Muoio
State Treasurer

Certificate Number : 4217238505
Verify this certificate online at
https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.jsp

Page 1 of 1

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DAKOTA WILSON, | : | CIVIL ACTION |
| Plaintiff, | : |  |
|  | : | NO. |
| vs. | : |  |
|  | : |  |
| IMPACKT TEN, LLC, AAA HAZELTON, | : |  |
| LLC, PLASTEC SYSTEMS, JOHN DOE | : |  |
| CONVEYOR  DESIGNER AND | : |  |
| MANUFACTURER (1-2), JOHN DOE | : |  |
| CONVEYOR DISTRIBUTOR OR | : | **JURY TRIAL DEMANDED** |
| SELLER (1-2) and JOHN DOE | : |  |
| CONVEYOR SERVICE COMPANY, | : |  |
| Defendants. | : |  |

### PROOF OF FILING

I, Anne M. Manero, Esquire hereby certify that a copy of the foregoing Notice of

Removal shall be filed with the Court of Common Pleas of Philadelphia County immediately

following acceptance thereof by the U.S. District Court for the Eastern District of Pennsylvania.

**LAW OFFICES OF W. KELLY McWILLIAMS**

BY: _____

Anne M. Manero, Esquire
PA Bar Id: 50286
*Attorney for Defendant, AAA Hazelton LLC*
1515 Market Street, Suite 1802
Philadelphia, PA 19103
215-446-7695
anne.manero@thehartford.com

**LAW OFFICES OF W. KELLY McWILLIAMS**
BY: Anne M. Manero, Esquire
Attorney I.D. No. 57447
1515 Market Street, Suite 1802                    Attorney for Defendant,
Philadelphia, PA 19102                            AAA Hazelton, LLC
(215) 446-7695
anne.manero@thehartford.com

| | | |
|---|---|---|
| DAKOTA WILSON, | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | PHILADELPHIA COUNTY |
| | : | |
| vs. | : | AUGUST TERM, 2024 |
| | : | |
| IMPACKT TEN, LLC, AAA HAZELTON, | : | NO. 0271 |
| LLC, PLASTEC SYSTEMS, JOHN DOE | : | |
| CONVEYOR DESIGNER AND | : | |
| MANUFACTURER (1-2), JOHN DOE | : | |
| CONVEYOR DISTRIBUTOR OR | : | |
| SELLER (1-2) and JOHN DOE | : | |
| CONVEYOR SERVICE COMPANY, | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

## <u>NOTICE OF FILING OF REMOVAL</u>

To: The Prothonotary of the Court of Common Pleas of Philadelphia County

PLEASE TAKE NOTICE THAT on August 21, 2024, Defendant AAA Hazelton, LLC filed in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a Notice of Removal.

A copy of this Notice of Removal is attached hereto and for filing with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

**LAW OFFICES OF W. KELLY McWILLIAMS**

By:_____
ANNE M. MANERO, ESQUIRE
Attorney for Defendant,
AAA Hazelton, LLC

**LAW OFFICES OF W. KELLY McWILLIAMS**
BY: Anne M. Manero, Esquire
Attorney I.D. No. 57447
1515 Market Street, Suite 1802          Attorney for Defendant,
Philadelphia, PA 19102                  AAA Hazelton, LLC
(215) 446-7695
anne.manero@thehartford.com

---

| | | |
|---|---|---|
| DAKOTA WILSON, | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | PHILADELPHIA COUNTY |
| | : | |
| vs. | : | AUGUST TERM, 2024 |
| | : | |
| IMPACKT TEN, LLC, AAA HAZELTON, | : | NO. 0271 |
| LLC, PLASTEC SYSTEMS, JOHN DOE | : | |
| CONVEYOR DESIGNER AND | : | |
| MANUFACTURER (1-2), JOHN DOE | : | |
| CONVEYOR DISTRIBUTOR OR | : | |
| SELLER (1-2) and JOHN DOE | : | |
| CONVEYOR SERVICE COMPANY, | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

---

<u>**CERTIFICATION OF SERVICE**</u>

I, Anne M. Manero, Esquire, hereby certify that a true and correct copy of the attached

Notice of Removal has been served upon the below counsel by the Philadelphia County Court of

Common Pleas e-filing system and/or electronic mail on this 21st day of August, 2024:

Larry Bendsky, Esq.
Robert Zimmerman, Esq.
John Lang, Esq.
**Saltz Mongeluzzi Bendesky**
1650 Market St., 52nd Floor
Philadelphia, PA 19103
Attorneys for Plaintiff

**LAW OFFICES OF W. KELLY McWILLIAMS**

BY:_____
          Anne M. Manero, Esquire