UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAKOTA WILSON,<br><br>           Plaintiff,<br><br>v.<br><br>IMPACKT TEN, LLC, ET AL.,<br><br>           Defendants. | CIVIL ACTION NO. 3:24-CV-01624<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is Plaintiff Dakota Wilson's ("Wilson") motion for leave to file a first amended complaint. (Doc. 31). This action arises from a September 20, 2023, incident, in which a conveyer pulled in and crushed Wilson's right hand. (Doc. 3, at 7). On August 1, 2024, Wilson filed a complaint in the Court of Common Pleas of Philadelphia County against Impackt Ten LLC ("Impackt Ten"), AAA Hazelton, LLC ("AAA Hazelton"), Plastec Systems ("Plastec"), John Doe Conveyor Designer and Manufacturer, John Doe Conveyor Distributor or Seller, and John Doe Conveyor Service Company (collectively, "Defendants"). (Doc. 3, at 5-9). On August 21, 2024, AAA Hazelton removed the action to federal court, and on September 24, 2024, the action was transferred to the Middle District of Pennsylvania. (Doc. 1; Doc. 9). On June 18, 2025, Wilson filed the present motion for leave to amend his complaint, seeking to include negligence claims against a new defendant, Impackt Packaging Solutions, Inc. ("Impackt Packaging"). (Doc. 31, ¶ 1; Doc. 31-4, ¶¶ 18-22). Impackt Ten opposes leave to amend. (Doc. 36; Doc. 36-1). For the following reasons, Wilson's motion for leave to file a first amended complaint is **GRANTED**.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

The following background is taken from the original complaint and proposed amended complaint and, for the purposes of the instant motion, is taken as true. (Doc. 3; Doc. 31-4). On September 20, 2023, a Ztech Air Bubble Bag Making Machine ("Ztech Machine") allegedly pulled Wilson's right hand into the machine and crushed it while Wilson was working at AAA Hazleton's manufacturing facility. (Doc. 3, at 12-13). At the time of the incident, Wilson was an employee of NPC Global Corp., which operated out of AAA Hazelton's facility. (Doc. 3, at 7-8). Impackt Ten managed the operations and undertook the safety responsibilities at the AAA Hazelton facility. (Doc. 3, at 8).

In its ordinary use, when the Ztech Machine runs out of bubble wrap, workers like Wilson manually place new sheets of bubble wrap onto the Ztech Machine's rollers and feed the new bubble wrap into the machine. (Doc. 3, at 11-12). On the day at issue, Wilson was feeding the bubble wrap into the Ztech Machine when the hot glue on the machine's rollers allegedly melted the bubble wrap onto Wilson's right hand. (Doc. 3, at 12-13). Wilson alleges that the Ztech Machine then pulled his hand into its conveyor, subsequently crushing his hand. (Doc. 3, at 13-14).

Wilson now seeks to join a new defendant, Impackt Packaging, because of the information that he gathered during recent paper discovery, site inspections, documents obtained through subpoena, and deposition testimony. According to Wilson, at the AAA Hazelton facility, there is a sign on the door that reads "Impackt Packaging Solutions." (Doc. 31, ¶ 10; Doc. 31-8). Boxes of completed products produced at the facility are labeled as "Impackt Packaging Solutions." (Doc. 31, ¶ 11; Doc. 31-9). When the Occupational Safety and Health Administration ("OSHA") completed its investigation following Wilson's injury,

it identified hazards specific to "Impackt Packaging" (Doc. 31, ¶ 12; Doc. 31-10). When a guard used to block the hot rollers on the Ztech Machine was shipped to the AAA Hazelton facility following Wilson's injury, the package was addressed, in part, to "Impackt Packaging Solutions" (Doc. 31, ¶ 13; Doc. 31-11). Additionally, Impackt Packaging's sole shareholder, Juda Schlesinger, is the sole member/manager of Impackt Ten and AAA Hazelton (Doc. 31, ¶ 14; Doc. 31, ¶¶ 6, 9).

On June 18, 2025, Wilson filed a motion for leave to file a first amended complaint along with a proposed amended complaint. (Doc. 31; Doc. 31-4). Wilson now alleges that Impackt Packaging had and/or undertook operational and/or safety responsibilities and duties at the facility where Wilson sustained injuries. (Doc. 31, ¶ 14). In his proposed amended complaint, Wilson alleges the following Counts: Count I – Negligence against AAA Hazelton for failing to manage, inspect, and ensure the safety of the facility (Doc. 31-4, ¶¶ 64-66); Count II – Negligence against Impackt Ten for failing to install, operate, maintain and/or inspect the facility to prevent an unreasonable risk of harm. (Doc. 31-4, ¶¶ 68-74); Count III – Negligence against Impackt Packaging for failing to install, operate, maintain, and/or inspect the facility to prevent an unreasonable risk of harm. (Doc. 31-4, ¶¶ 76-82); Count IV – Negligence against Plastec Systems for failing to distribute and/or sell the Ztech Machine to prevent it from creating unreasonable harm. (Doc. 31-4, ¶¶ 84-88). Count V – Strict Product Liability against Plastec Systems under § 402(A) of the Restatement (Second) of Torts. (Doc. 31-4, ¶¶ 90-99). On July 2, 2025, Impackt Ten filed a response and brief in opposition to Wilson's motion to amend. (Doc. 36; Doc. 36-1). Wilson did not file a reply brief within fourteen days after service of the brief in opposition. Accordingly, the motion for leave to file a first amended complaint has been fully briefed and now is ripe for disposition.

**II.     LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(1) permits amendment of a pleading as a matter of course.

A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)

"In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court has "substantial leeway in deciding whether to grant leave to amend." *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). At this stage of litigation, Wilson is not entitled to leave to amend as a matter of course, and he does not have the opposing parties' consent. Fed. R. Civ. P. 15(a)(d); (Doc. 36). Thus, Wilson seeks leave to amend from the Court. (Doc. 31, ¶ 16).

**III.    DISCUSSION**

Wilson moves to amend his complaint to include negligence claims against Impackt Packaging. (Doc. 31). Wilson contends that based on information obtained during discovery, Impackt Packaging exercised control over the operations at the AAA Hazelton facility and determined, with co-defendants or individually, what guards were to be placed on the Ztech Machine. (Doc. 31, ¶ 15). Impackt Ten opposes the instant motion stating that Wilson improperly, belatedly, and futilely seeks leave to file an amended complaint. (Doc. 36-1, at

4

10). Impackt Ten argues that Wilson either had knowledge of or the ability to know of the existence of Impackt Packing Solutions before filing his original complaint. (Doc. 36-1, at 10-11). Impackt Ten further avers that Wilson's allegations are factually unsupported and therefore futile because Wilson knew or should have known of the relationship between Impackt Solutions and Impackt Ten, and that Impackt Ten was not involved with the management and operation of the AAA Hazelton facility during the time of filing his second complaint. (Doc. 36-1, at 11-12).

Courts have discretion over the decision to grant leave to amend, which is guided by an animating principle embodied by Rule 15: that leave should be freely given when justice so requires. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"). However, even under this liberal standard, a court may deny leave to amend where it causes: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment. *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995).

Regarding undue delay, "[d]elay alone is not sufficient to justify denial of leave to amend. '[H]owever, at some point, ... delay will become 'undue,' placing an unwarranted burden on the court ... [and] an unfair burden on the opposing party.'" *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citation omitted); *see Frederick v. Avantix Laboratories, Inc.*, 773 F. Supp. 2d 446, 449 (D. Del 2011). While there is no decisive period in which delay of a motion for leave to amend becomes excessive, a period of less than a year from the start of an action to moving for leave to amend a complaint is not facially unreasonable. *See Arthur*, 434 F.3d at 204-05. The issue of undue prejudice requires the court to focus on the hardship

to the defendants if the amendment were permitted. *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). In assessing hardship, courts consider whether allowing an amendment would result in additional discovery, costs, and preparation to defend against new factors or new theories. *Cureton*, 252 F.3d at 273.

While leave to amend may be denied for bad faith or dilatory motive, the liberal standard of Rule 15(a) "allows for misunderstandings and good-faith lapses in judgment so long as the party thereafter acts reasonably and diligently." *Arthur*, 434 F.3d at 206. To assess futility, "the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1434 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F. 3d 617, 623 (1st Cir. 1196)). To avoid a finding of futility the moving party need only state a claim upon which relief may be granted. *See Burlington*, 114 F.3d at 1434 (stating "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.").

The Court finds that Wilson filed his motion for leave to amend without undue delay. Wilson filed his original complaint on August 1, 2024, and moved for leave to amend his complaint on June 18, 2025, less than a year later. (Doc. 3, at 5; Doc. 31). As such, Wilson did not create an unwarranted burden on the court with the timing between his original complaint and motion for leave to amend the complaint. *See Arthur*, 434 F.3d at 204-05.

Likewise, Wilson's amended complaint will not cause Impackt Ten undue hardship in preparing its defense. Wilson is not raising new theories but asserting the same theory of negligence against Impackt Packaging as he asserted against Impackt Ten. (Doc. 31-4, ¶¶ 67-82). Since Juda Schlesinger is both the sole member/manager of Impackt Ten and the sole shareholder of Impackt Packaging, Impackt Ten should have been on notice of the possibility

of the same or similar claims being asserted against Impackt Packaging. (Doc. 31, ¶¶ 9, 14). Therefore, Wilson's amended complaint will not result in undue additional discovery, costs, or preparation to defend for Impackt Ten. *See* Cureton, 252 F.3d at 273 (citing *Adams,* 739 F.2d 858, 869 (3d Cir. 1984); *Cornell & Co. v. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823-24 (3d Cir. 1978)).

There is nothing in the record to suggest that Wilson acted in bad faith or with dilatory motives in moving for leave to amend his complaint. Even if Wilson could have named Impackt Packaging prior to moving for leave to amend, as Impackt Ten suggests, this failure is not enough to support denial of leave to amend. *See* Arthur, 434 F.3d at 206 ("The liberality of Rule15(a)…allows for misunderstandings and good-faith lapses of judgment, so long as the party thereafter acts reasonably and diligently"). Wilson acted reasonably and diligently in moving to amend his complaint based on recent paper discovery, site inspections, subpoenaed documents, and deposition testimony. Additionally, as this is the first time Wilson has moved for leave to amend his complaint, there is nothing in the record to support denial of leave based on repeated failure to correct deficiencies with previous amendments. *See* Arthur, 434 F.3d at 206.

Finally, amendment would not be futile in this case. In the amended complaint, Wilson alleges that Impackt Packaging was negligent in its operation, maintenance, and/or inspection of the AAA Hazelton facility, such that it created an unreasonable risk of harm to Wilson. (Doc. 31-4, ¶ 76). When taken as true and construed in a light most favorable to the Wilson, the amended complaint effectively alleges that Impackt Packaging breached their duty of care to users of the Ztech Machine to warn of the harm it presented, employ safety procedures, and install proper guarding on the machine, resulting in injury to Wilson. (Doc.

31-4, ¶ ¶ 76-82); *See Wolfson v. Lewis,* 168 F.R.D. 530, 534 (E.D. Pa. 1996); *see Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 231-32 (E.D. Pa. 2012) (finding "detailed factual allegations clearly raise the right to relief…above speculative level")). Therefore, the Court determines that Wilson has set forth a plausible claim for relief in his amended complaint, such that leave to amend would not be futile. The motion for leave to file a first amended complaint is **GRANTED**.

IV.   **CONCLUSION**

For the foregoing reasons, Wilson's motion for leave to file a first amended complaint (Doc. 31) is **GRANTED**. Wilson is **GRANTED** fourteen days to file an amended complaint.

An appropriate Order follows.

Dated: September 15, 2025                                *s/ Karoline Mehalchick*
                                                        **KAROLINE MEHALCHICK**
                                                        **United States District Judge**